UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Monty Granger</u>

            v.                         Civil No. 10-cv-203-JD

<u>United States of America</u>


O R D E R

Monty Granger pleaded guilty on January 30, 2006, to five
counts of possession of a firearm in violation of 21 U.S.C. §
922(g)(1) and was sentenced to 120 months of imprisonment.
Granger was also convicted and sentenced on related state
charges.  The federal sentence was to be served concurrently with
his state sentence.  Judgment was entered on February 1, 2006.

On May 27, 2010, Granger, proceeding pro se, filed a motion
under 28 U.S.C. § 2255, seeking relief from his sentence on the
grounds that his guilty plea was obtained based on false
pretenses and that his counsel's representation was
constitutionally ineffective.  The government objected to
Granger's petition on the ground that it was untimely filed.
Granger did not respond to the government's objection.

 Motions for relief from sentence under § 2255 must be filed
within one year of the date when the judgment of conviction
becomes final, the date when an impediment created by the
government is removed, the date on which the right asserted was

first recognized by the Supreme Court, or the date when the facts supporting the claim could have been discovered through due diligence.  28 U.S.C. § 2255(f).  The petitioner bears the burden of showing that he exercised due diligence in pursuing his rights.  See Barreto-Barreto v. United States, 551 F.3d 95, 101 (1st Cir. 2008).

In this case, Granger contends that he was induced to plead guilty based on assurances that he would be given credit for 590 days of pretrial detention while he was in state custody.  He argues that his counsel was ineffective for leading him to believe that he would be given that credit.  He acknowledges that his habeas action would be time-barred if the time were counted from the date when the judgment in his criminal case became final, but he argues that he did not realize, until late 2009, that he had not been given credit for the time he served in pretrial detention.[1]  As the government demonstrates, the record does not support Granger's argument.

Granger's counsel raised the issue of credit for his pretrial detention during the sentencing hearing on January 30,

---

[1]The government provides the applicable dates which show that Granger had one year from February 15, 2006, to file his motion under § 2255.  Therefore, absent circumstances that would toll the deadline, the one-year period would have expired on February 15, 2007.

2

2006.  The discussion of the issue made it plain that the Bureau of Prisons would decide whether Granger would be credited for that time.  After his federal sentencing, Granger was sentenced in state court, where he was given credit for the pretrial detention time.

On February 12, 2010, Granger filed a motion, pro se, in his criminal case asking the court to give him credit for the pretrial detention time against his federal sentence.  Granger attached documents to his motion, including a letter from the Bureau of Prisons, dated May 15, 2009, in response to Granger's inquiry, that explained why Granger was not entitled to credit against his federal sentence for pretrial detention time.  The government objected to Granger's motion, stating that because Granger had received credit for pretrial detention time against his state sentence, he would not be given credit for the same time against his federal sentence.  See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 334-35 (1992).  The court denied Granger's motion for the reason stated in the government's objection.

Granger filed his petition for habeas relief on May 27, 2010, alleging that he was entitled to 590 days of pretrial detention credit and that the court ordered the Bureau of Prisons to have his federal sentence run concurrently with his state

sentence.  In a letter to the government, dated July 22, 2010, in support of his habeas petition, Granger wrote that the court's order that his federal sentence would run concurrently with his state sentence "was not being followed in entirety."  Obj. Ex. 1. Granger stated:  "Time constraints should not apply because the 1st notification I received was 3-18-09 & immediately addressed the discrepancy with the B.O.P."  Obj. Ex. 1.

Contrary to Granger's assertions, the record establishes that he was aware at the time of his sentencing that the Bureau of Prisons would decide whether he would be credited for the time he spent in pretrial detention.  Subsequent events show that he knew, at the latest, in early 2009 that he would not receive credit for pretrial detention time against his federal sentence. Therefore, Granger's petition was filed more than a year after he knew or should have discovered through due diligence that he would not receive credit against his federal sentence for pretrial detention time.

The petition is time-barred.  § 2255(f)(4).

4

Conclusion

For the foregoing reasons, the petition for habeas corpus relief is dismissed.

The court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings; 28 U.S.C. § 2253(c)(2).

The clerk of court shall enter judgment accordingly and close the case.


SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge

March 15, 2011

cc:  Monty Granger #78177, pro se
     Aixa Maldonado-Quinones, Esquire

5